IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JONATHAN MORGAN PETERSON,

                Plaintiff,

v.                                                   OPINION and ORDER

DAVIS ARNDT, LT. ALICIA MILLER,               21-cv-799-jdp
and BRANDON WRIGHT,

                Defendants.[1]

---

Plaintiff and prisoner Jonathan Peterson, appearing by counsel, is proceeding on claims that an officer at Dodge Correctional Institution sexually harassed him and that staff retaliated against him for reporting the harassment by placing him in a freezing cold cell. Defendants Davis Arndt and Alicia Miller, the officers who allegedly retaliated against Peterson, move for summary judgment on the ground that Peterson failed to exhaust his claims against them. Dkt. 30. (Defendant Brandon Wright, the officer who allegedly harassed Peterson, has not moved for summary judgment.)

The court will grant Arndt and Miller's motion and dismiss them from the case. Peterson filed two complaints about his cold cell. But the complaint examiner dismissed his first complaint, and Peterson did not appeal that decision. When the prison rejected the second complaint on procedural grounds, Peterson did not re-submit the complaint, even though he was expressly given an opportunity to do so.

---

[1] I have amended the caption to include defendants' full names as provided in their notice of appearance. Dkt. 23.

Also before the court is defendants' motion to compel Peterson to sign an authorization to release his medical records. Dkt. 37. Peterson states that he has since provided defendants with a signed authorization, Dkt. 39, so it appears that the issue has been resolved. The court will deny that motion as moot.

BACKGROUND

A. Wisconsin's inmate complaint procedure

Wisconsin law provides a process for inmates to file complaints about prison conditions. Relevant to this case, an inmate must attempt to resolve the issue with an appropriate member of prison staff prior to filing a complaint. Wis. Admin. Code DOC § 310.07(1). If the issue cannot be resolved, the inmate must file a complaint with the institution complaint examiner within 14 days of the event giving rise to the complaint. § 310.07(2). The complaint examiner may return a complaint if it is defective to allow the inmate to resubmit the complaint after correcting the issues noted by the examiner. § 310.10(5).

If the complaint is not returned or rejected, the complaint examiner makes a recommendation on the complaint to the reviewing authority—here, the warden. § 310.10(12). The warden then decides whether to affirm or dismiss the complaint. If an inmate is dissatisfied with the warden's decision, the inmate may, within 14 days, appeal the decision to the Department of Corrections. § 310.12.

B. Facts at summary judgment

I draw the following from Peterson's complaint, Dkt. 1, his amended complaint, Dkt. 18, and the declarations and prison records submitted by the parties on the exhaustion motion. Dkt. 32; Dkt. 35.

Peterson alleges that in late November 2021, defendant officer Brandon Wright forced him to walk into a cell that was covered in drawings of penises. Peterson timely submitted an inmate complaint about the incident on December 6.

Peterson sent a letter to the warden and the deputy warden a few days later, stating that the prison was not adequately investigating Wright's harassment and that he had been retaliated against for reporting the harassment. Among other things, Peterson stated that he had been moved from Unit 10 to Unit 17 and that the cell windows in Unit 17 did not close so it was freezing cold. Dkt. 35-4, at 2. Peterson also stated that his new cellmate had tested positive for COVID-19, and that as a result, Peterson had been put on quarantine and was unable to visit the library or participate in recreational activities. *Id.*

On December 11, Peterson filed a formal inmate complaint about his cold cell, stating that the windows in his unit were broken and would not close, the unit did not have "storm/winter windows," and nurses were refusing to hand out extra blankets. Dkt. 32-4, at 7. Peterson filed another inmate complaint about the issue two days later. *Id.* at 6. Peterson did not say that he was being retaliated against for reporting Wright's harassment in either complaint.

The prison's institution complaint examiner received both complaints on December 14, and the examiner combined the two complaints into one complaint for processing. The examiner reached out to an officer in Peterson's unit, sergeant Toutant, to investigate the complaint. Toutant said that he saw an open window in Peterson's cell, so Toutant closed it. Toutant also said that the other windows in Peterson's unit would be checked that day to ensure that they were also closed. The complaint examiner concluded that the issue was

resolved, so she recommended that Peterson's complaint be dismissed. The warden dismissed the complaint, and Peterson did not appeal the dismissal.

On December 23, the warden responded to Peterson's letter from earlier that month. The warden wrote that the prison was investigating his harassment complaints and that "[a]ny perceived retaliation between the investigation and your current unit being under quarantine is simply not accurate." Dkt. 35-9. The letter did not mention the cold cell.

On December 29, Peterson submitted another inmate complaint in which he complained that his cell's window was still broken and that staff had refused to fix it. The complaint examiner did not accept the complaint because Peterson did not submit proof that he had attempted to resolve the issue with a staff member prior to filing a complaint. The examiner told Peterson that he had the opportunity to resubmit the complaint with the required evidence. Dkt. 35-2, at 1. Peterson did not adduce evidence that he resubmitted the complaint, and there is no record that he resubmitted the complaint on his inmate complaint history report. *See* Dkt. 32-1, at 5.

ANALYSIS

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust administrative remedies established by state law before filing a lawsuit regarding prison conditions based on federal law. 42 U.S.C. § 1997e(a); *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018). To comply with § 1997e(a), a prisoner must follow every step of the administrative process, which includes filing complaints and appeals pursuant to the prison's administrative rules. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Strict compliance with the rules is required. *Lewis v. Washington,* 300 F.3d 829, 834 (7th Cir. 2002). Exhaustion is an affirmative defense,

which means that defendants bear the burden of establishing that Peterson failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Peterson is proceeding on First Amendment retaliation claims and Eighth Amendment claims against Miller and Arndt for allegedly placing Peterson in a cold cell in response to Peterson's complaints about sexual harassment. Peterson does not dispute that he failed to submit an inmate complaint about alleged retaliation or that he failed to complete all the steps of the grievance process for his complaints about his cold cell. But Peterson contends that his complaints and letters satisfied the purpose of the exhaustion requirement, which is to give prison administrators a fair opportunity to resolve the issue without litigation. *See Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006).

This argument fails. The PLRA requires *proper* exhaustion, *id.* at 93, which requires inmates to submit complaints in the manner required by prison rules and to see those complaints through to the end of the grievance process. Compliance with administrative procedures is critical because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91. It is not enough to show that prison officials had actual notice of the issue.

The record shows that Peterson did not properly exhaust his claims. As for the retaliation claims, Peterson never filed an inmate complaint that would alert the prison to the alleged retaliation. This court has previously concluded that to properly exhaust a retaliation claim, "at a minimum, [a grievance] must identify two things: the protected conduct that provoked the retaliation and the retaliatory act." *Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, *2 (W.D. Wis. Sep. 13, 2017) (citations and quotations omitted). Peterson filed three complaints about his cold cell. But he did not state in any of them that he was placed in

a cold cell because he complained about Wright's harassment. *See* Dkt. 32-4, at 6–7; Dkt. 32-5. Peterson did state that he was being retaliated against in his letter to the warden. But Peterson "sent [his] letter outside the bounds of the formal administrative process," so his letter to the warden did not properly exhaust his retaliation claims. *See Brim v. Stevens*, No. 18-cv-24-jdp, 2019 WL 112615 (W.D. Wis. Jan. 4, 2019).

As for the Eighth Amendment claims based on the conditions of Peterson's cell, Peterson did not take his complaints about that issue through every step of the grievance process. Peterson's first two complaints about his cold cell were dismissed because it appeared that the problem was resolved after staff closed the window. If Peterson was dissatisfied with the way that the prison addressed the issue, he could have appealed the warden's decision. Peterson filed a third complaint about the cold cell later that month in which he stated that the window in his cell was still broken. But that complaint was returned to Peterson because he did not provide evidence that he had tried to resolve the problem with prison staff prior to filing the complaint. The complaint examiner's decision expressly stated that Peterson could re-submit the complaint with that information, but there is no evidence that Peterson took advantage of that opportunity.

Peterson cites other legal rules that provide reasons why failure to comply with grievance procedures may be excused, including that an untimely grievance may exhaust administrative remedies if prison officials consider it on the merits, Dkt. 35, at 6, and that an inmate is not required to exhaust remedies that are unavailable, *id.* at 8. But Peterson does not explain why those rules are relevant to the facts of this case, so he has forfeited any arguments based on those rules. Because Peterson did not properly exhaust his claims against Miller and Arndt, those claims will be dismissed without prejudice.

ORDER

IT IS ORDERED that:

1. Defendants Davis Arndt's and Alicia Miller's motion for partial summary judgment on exhaustion grounds, Dkt. 30, is GRANTED. Peterson's claims against Arndt and Miller are DISMISSED without prejudice and Arndt and Miller are DISMISSED from the case.

2. Defendants' motion to compel, Dkt. 37, is DENIED as moot.

Entered May 22, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge