IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JONATHAN MORGAN PETERSON,

                Plaintiff,

v.

BRANDON WRIGHT,

                Defendant.

OPINION and ORDER

21-cv-799-jdp

---

Plaintiff Jonathan Peterson alleges that while he was incarcerated at Dodge Correctional Institution, correctional officer Brandon Wright repeatedly sexually harassed him. I allowed Peterson to proceed on a claim against Wright under the Eight Amendment.

Wright moves for summary judgment. Dkt. 47. For purposes of Wright's motion, I'll accept Peterson's version of the facts where his version is supported by evidence. That evidence shows only three potential incidents of sexual harassment, and none of those incidents, judged objectively, would inflict psychological harm sufficient to constitute cruel and unusual punishment under the Eight Amendment. I'll grant Wright's motion and dismiss this case.

FACTUAL BACKGROUND

I begin with a procedural problem with Peterson's response to Wright's motion. Peterson filed the case pro se, but he was able to secure counsel to represent him at summary judgment. Despite the assistance of counsel, Peterson's response does not comply with the court's procedures for summary judgment motions, which are attached to the court's preliminary pretrial conference order, Dkt. 28. Peterson did not respond to each of Wright's proposed findings of fact, nor did he file his own set of proposed findings of fact. Peterson's

opposition brief does not include a factual background section. The only part of Peterson's opposition that addresses factual disputes is the argument section of Peterson's brief, which cites several parts of Peterson's deposition transcript.

I will deem Wright's proposed findings of fact undisputed, except where Peterson's verified complaint or his deposition directly contradicts Wright's version of events. I will not accept Peterson's conclusory assertions or sift through any other filings to find support for Peterson's version of events. This is not counsel's first appearance in this court; he must follow the court's procedures in future cases.

With that evidentiary approach in mind, these are the facts that I accept for purposes of summary judgment.

In November 2021, Peterson was incarcerated at Dodge Correctional Institution. Wright was an officer on Peterson's housing unit. Peterson contends that Wright singled him out for unwanted attention and spoke to him about sexual matters on three occasions. In the first two occasions, Wright told Peterson "locker room stories about the different sexual escapades he was experiencing on the streets." Dkt. 46 (Peterson deposition) at 29:23–25. In the first incident, Wright told Peterson a story about having sex with a woman on the way to a music show and mistakenly thinking that a burst ketchup packet was evidence of her menstruating. Dkt. 46, at 30:3–11. In the second incident, Wright made a joke about having anal sex with his wife. Dkt. 46, at 32:12–17.

The third incident involved Wright's investigation of graffiti in a nearby cell. Wright had let the inmates out of that cell to make phone calls; Wright found drawings of male genitalia on the wall of the cell. Dkt. 51 (Wright declaration), ¶ 10. After Wright noticed the drawings, he let Peterson out of his cell to look at them. Dkt. 46, at 35:15–36:15; Dkt. 51,

¶ 13. Peterson stepped across the hall into the other cell, stood there to look at the drawings for approximately six seconds, and then returned directly to his own cell, where Wright locked him in. Dkt. 50-2 (placeholder for video of the incident) 03:14–03:26; Dkt. 51, ¶¶ 14–15.

Peterson reports that he was sexually assaulted as a young child and contends that his experiences with Wright triggered post-traumatic stress disorder. Dkt. 1 at 8; Dkt. 46, at 21:15–23:3. Wright did not know about Peterson's history of sexual trauma when the three incidents took place. Dkt. 51, ¶ 20.

ANALYSIS

I granted Peterson leave to proceed on an Eighth Amendment claim based on the allegations in his complaint that Wright harassed him with a constant bombardment of sexual comments that caused him severe psychological harm.

Under the Eighth Amendment, prisoners have the right to be free from unnecessary and wanton inflection of physical or psychological pain. *Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015). But the Constitution is not a civility code that mandates good manners or requires prison staff to use "genteel language." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019). "[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal*, 803 F.3d at 358. Verbal harassment rises to the level of cruel and unusual punishment only in extreme situations where it causes "significant psychological harm." *Id.* at 359.

Now, at summary judgment, Peterson cannot rely on conclusory allegations; he must come forward with admissible evidence. The evidence that Peterson has adduced shows that

the alleged harassment consists of three instances in which Wright discussed sexual matters with him.

To be clear, the facts are sharply disputed. Wright completely denies that the first two incidents occurred at all, and he disputes Peterson's description of the graffiti incident. Peterson says that this dispute must be resolved at trial. Dkt. 54. But not just any factual dispute requires a trial. Where no reasonable jury could return a verdict in favor of the non-moving party based on that party's version of events, the moving party is entitled to summary judgment. *Weaver v. Speedway, LLC*, 28 F.4th 816, 820 (7th Cir. 2022).

Peterson does not adduce evidence that Wright "constantly bombarded" Peterson with inappropriate sexual comments. At his deposition, Peterson was able to identify only the three incidents described above. Peterson says that he believes that Wright interacted with him more than anyone else on the unit and thinks that Wright was trying to further a special relationship with him. Dkt. 46, at 46:9–15. According to Peterson, after Wright's sexually explicit remarks, "even the most normal topics with him felt uncomfortable" due to the "the feeling and the energy" Peterson got from comments from Wright. Dkt. 46, at 47:5–48:5. But Peterson's feelings of discomfort are not that type of significant injuries that would arise from a violation of the Eighth Amendment. And in any case, it is the defendant's conduct and state of mind that matters in the Eighth Amendment analysis.

The conduct that Peterson ascribes to Wright is far from the harassment and verbal abuse that the Seventh Circuit has held violates the Eighth Amendment. In *Beal*, the plaintiff stated an Eighth Amendment claim based on conduct that "inflicted significant psychological harm" and put the plaintiff at increased risk of physical harm. 803 F.3d at 358–59. The defendant's conduct included urinating in view of the plaintiff and making comments directing

4

the plaintiff to engage in sexual activity with other inmates. *Id.* at 358. The court reasoned that the defendant's actions effectively labeled the plaintiff as gay, increasing the likelihood of sexual assaults on the plaintiff by other inmates. *Id.* at 538–39. In *Lisle*, the court held that summary judgment was wrongly granted because the statements by a nurse could constitute "cruel infliction of mental pain." 933 F.3d at 717. The nurse allegedly targeted the plaintiff's "psychological vulnerabilities" by taunting him and encouraging him to take his own life when she knew he was suicidal and in the midst of a mental health crisis. *Id.* at 717–18.

Peterson does not show that Wright's conduct exposed him to any risk of physical harm, as in *Beale*, nor did Wright target any known psychological vulnerability, as in *Lisle*. Peterson contends that the harassment caused him severe psychological harm due to his history of sexual trauma, but he has no evidence that Wright knew about that history or any special vulnerability. Dkt. 51, ¶ 20. No reasonable jury could conclude that Wright's alleged conduct constituted the intentional and ongoing infliction of physical or psychological harm, and thus I will grant Wright's motion on the merits.

Peterson cites no case in which a court has held that conduct like that ascribed to Wright violates the Eighth Amendment, which leads to a second basis for granting Wright's motion for summary judgment. Wright asserts that he is protected by qualified immunity. Once the affirmative defense of qualified immunity is raised, it is the plaintiff's burden to rebut it, by showing both that the defendant violated a constitutional right, and that the right was clearly established at the time of the violation. *Fosnight v. Jones*, 41 F.4th 916, 924 (7th Cir. 2022). To show that a right was clearly established requires authoritative precedent that puts it beyond reasonable debate that defendant's conduct violated plaintiff's rights. *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). The constitutional right at issue may not be established at a

5

high level of generality; the right must have been addressed at a reasonable level of specificity, so that a reasonable officer in defendant's position would have known that his specific conduct was prohibited. *Campbell v. Kallas*, 936 F.3d 536, 545–48 (7th Cir. 2019). Peterson here cites only the general principle that the constitution prohibits the "unnecessary and wonton infliction of pain." Dkt. 54, at 5 (citing *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (involving a strip search conducted in front of a female correctional officer)). Peterson cites no precedent that would have informed an officer that the conduct Wright is alleged to have committed would violate Peterson's constitutional rights. Accordingly, I also conclude that Wright is entitled to qualified immunity.

ORDER

IT IS ORDERED that:

1. Defendant Brandon Wright's motion for summary judgment, Dkt. 47, is GRANTED.

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered August 24, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge